LAND, Justice.
 

 The Eicher-Woodland Lumber Company, a Louisiana corporation domiciled in Rapides parish, was engaged in the business- of buying and selling lumber in the states of Florida and Georgia and several other states, and John T. Powers was duly commissioned and qualified as receiver of that company December 10, 1930.
 

 Hill-Powers Finance Corporation, defendant, and Guaranty Bank & Trust Company, garnishee, are domiciled and, doing business in the city of Alexandria, Rapides parish.
 

 On February 27, 1931, H. H. Faust, plaintiff, ■ obtained judgment against Hill-Powers Finance Corporation on a note for $1,500, and garnisheed, under a writ of fieri facias, á deposit of $2,040.91 in the Guaranty Bank & Trust Company, made in the name of “Hill-Powers Finance Corporation, Florida Hardwood Yard.”
 

 Plaintiff contends that this deposit is an open account of Hiil-Powers Finance Cor-, poration, his debtor, and is subject to garnishment.
 

 On the other hand, the Guaranty Bank & Trust Company, garnishee, and the interveners, Interstate Trust & Banking Company of New Orleans, Canal Bank & Trust Company of New Orleans, and John T. Powers, receiver of Eicher-Woodland Lumber Company, assert that this deposit is a special deposit, and is being held by the Guaranty Bank & Trust Company under a verbal agreement of escrow between the Hill-Powers Finance Corporation, the Guaranty Bank & Trust Company, the Interstate Trust & Banking Company of New Orleans, the Canal Bank & Trust Company of New Orleans, and the Eicher-Woodland Lumber Company through its receiver, John T. Powers; that all of them claim the ownership of the fund; and that, under the agreement, the fund is to remain in escrow until the ownership is determined.
 

 Judgment was rendered in the lower court rejecting the demand of plaintiff, H. H. Faust, for a garnishment; dismissing the demands of the Interstate Trust & Banking Company and the Canal Bank & Trust Company as of nonsuit; ordering the deposit turned over to ■John T. Powers, receiver of the Eicher-Woodland Lumber Company, to be distributed according to law; and decreeing the deposit to be the funds of that corporation and the common pledge of its creditors.
 

 This judgment further decreed that the rights of interveners are reserved in so far as the receivership of the Eicher-Woodland Lumber Company is concerned.
 

 The deposit in dispute represents the proceeds of various sales of lumber belonging to the Eicher-Woodland Lumber Company. These sales- were made by the Eicher-Woodland Lumber Company prior to December 10, 1930, the date it was placed in receivership.
 

 Upon receipt of the money by the EicherWoodland Lumber Company, it was placed on deposit with the Guaranty Bank & Trust Company by John T. Powers, receiver, in the name of the “Hill-Powers Finance Corporation, Florida Hardwood Yard,” until such time as the creditors of the Eicher-Woodland Lumber Company and the creditors of the Hill-Powers Finance Corporation should de
 
 *173
 
 cide the proper ownership of the proceeds of these sales.
 

 The Eicher-Woodland Lumber Company was being financed.in the purchase and sale of lumber by the Hill-Powers Finance Corporation, and, in turn, the Eicher-Woodland Lumber Company would, with funds obtained from the Hill-Powers Finance Corporation,'finance owners of lumber mills and timber throughout the states of Florida and Georgia and several other states.
 

 The deposit in question represents the proceeds from the sale of lumber by the EicherWoodland Lumber Company, purchased from the Florida Hardwood Lumber Company of Tallahassee. As soon as the lumber was manufactured by the Florida Hardwood Lumber Company, it was immediately mortgaged to the Eicher-Woodland Lumber Company, and the notes identified with the various mortgages were in turn sold and transferred to the Hill-Powers Finance Corporation, and its account was debited with each mortgage note and a check issued by the Hill-Powers Finance Corporation to the Eicher-Woodland Lumber Company, not for the value of the mortgage note but for the sum of $25 per thousand for each thousand feet of lumber mortgaged by the manufacturers. The Hill-Powers Finance Corporation, upon receipt of these mortgage notes from the Eicher-Woodland Lumber Company, would pledge them with the Interstate Trust & Banking Company, the Canal Bank & Trust Company, or the Guaranty Rank & Trust Company.
 

 The lumber so mortgaged by the manufacturers was invoiced and sold directly to the Eicher-Woodland Lumber Company, which in turn sold the lumber to its various customers. When money was received from these sales, a credit was given Hill-Powers Finance Corporation on the books of the Eicher-Woodland Lumber Company, but no payment was actually made Hill-Powers Finance Corporation until a considerable amount had accumulated. When these credits were entered, they were made regardless of whether the lumber so sold was covered by a particular mortgage held by the Hill-Powers Finance Corporation. The actual money was intermingled indiscriminately with the funds of the Eicher-Woodland Lumber Company and could not be identified as being encumbered to the extent of any particular mortgage held by the Hill-Powers Finance Corporation or its transferee banks.
 

 If the Hill-Powers Finance Corporation had any claim on the money, it was lost when the lumber was sold by the Florida Hardwood Lumber Company to Eicher-Woodland Lumber Company, indiscriminately, without regard to the mortgages outstanding against it, and when in turn it was sold by the Eicher-Woodland Lumber Company to its various customers. And this is equally true, as far as the banks, to which the Hill-Powers Finance Corporation pledged these chattel mortgage notes as collateral, are concerned.
 

 That the deposit garnisheed in this case was not an open account, subject to check, is made manifest by the fact that the regular account of Hill-Powers Finance Corporation in the Guaranty Bank
 
 &
 
 Trust Company was closed as of December 10, 1930, the date of the receivership. Tr. 239.
 

 The balance of $182.80 of the regular account of the Hill-Powers Finance Corporation was applied as part payment on the note of
 
 *175
 
 $12,000 due by that corporation to the Guaranty Bank & Trust Company. Tr. 269.
 

 The account or deposit of $2,040.91, entitled “Hill-Powers Finance Corporation, Florida Hardwood Yard,” was opened six days after the other account had been closed, or on December 16, 1930. Tr. 270.
 

 The evidence in the record is abundant that this deposit was a special deposit, consisting of proceeds of sale of lumber by the EicherWoodland Lumber Company, and was placed in a separate account by agreement between the receiver of Eicher-Woodland Lumber Company, Guaranty Bank & Trust Company, Interstate Trust & Banking Company, and Canal Bank & Trust Company, and subject only to cheeks for expenses incidental to the Florida lumber yard. Tr. 247, 248, 249, 279, 281, 283, 287.
 

 The collection of the proceeds of the sales of this lumber was made after the receivership. Tr. 246.
 

 L. H. Harris, bookkeeper for the EicherWoodland Lumber Company and Hill-Powers Finance Corporation, states positively that the money deposited in this special account was not intended as a payment on any indebtedness due the Hill-Powers Finance Corporation by the Eicher-Woodland Lumber Company, but was simply put there until such time as they could find out what to do with the proceeds of those sales. Tr. 258.
 

 This witness makes it very clear in his testimony that, at no time prior to the receivership, had the proceeds of the sale of lumber by the Eicher-Woodland Lumber Company been placed to the credit of the Hill-Powers Finance Corporation; but that settlements of the amount due that company by the Eicher-Woodland company had always been made at stated intervals and in lump sums. Tr. 238, 242.
 

 Besides, this witness states plainly that the lumber was sold to the Eicher-Woodland Lumber Company by the Florida Hardwood Company, and then sold by the Eicher-Woodland Company to any customer to whom that company should deem> fit to sell it. Tr. 234.
 

 Under this state of facts, the special deposit of $2,040.91 in dispute in this case is the property of the Eicher-Woodland Lumber Company in receivership, and not of the Hill-Powers Finance Corporation, and was not subject to garnishment by plaintiff.
 

 Judgment affirmed.
 

 O’NIELL, C. J., takes no part, being absent during the argument.
 

 OYERTON, J., recused.